## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SEAN M. DONAHUE,
                    Appellant,

v.

DEPARTMENT OF LABOR,
                    Agency.

DOCKET NUMBER
PH-3330-17-0031-I-1

DATE: July 19, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sean M. Donahue, Hazleton, Pennsylvania, pro se.

Jennifer L. Bluer, Esquire, Richard T. Buchanan, Esquire, and Anthony D. DiBacco, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The following facts, as further detailed in the initial decision, are not in dispute. The appellant applied for a GS-11 Workforce Program Specialist vacancy in the agency's Employment and Training Administration. Initial Appeal File (IAF), Tab 40, Initial Decision (ID) at 2. Among other things, his application recognized the appellant's entitlement to a 5-point veterans' preference. *Id*.

¶3 The agency used the category rating method during its selection process. ID at 5; *see* 5 U.S.C. § 3319. Under that method, applicants completed a competency based questionnaire (CBQ), which computer software scored. ID at 5. Based on those scores, applicants were divided into three qualification categories, A, B, and C. *Id*. Applicants with a 10-point veterans' preference were automatically placed atop category A, regardless of their CBQ score. *Id*. Applicants with a 5-point veterans' preference remained in the category assigned by virtue of their CBQ score, but were placed atop of that category. *Id*.

¶4 Of the 156 applicants for the Workforce Program Specialist vacancy, 2 were entitled to a 10-point veterans' preference and were, therefore, placed atop category A.  ID at 5-6.  The appellant's CBQ score resulted in his placement within category C, and his 5-point veterans' preference resulted in his placement atop of that category.  ID at 6.  The agency ultimately selected one of the candidates with the 10-point veterans' preference to fill its vacancy.  *Id.*

¶5 The appellant filed a complaint with the agency, alleging that, by not selecting him, it had violated VEOA.  ID at 2.  The agency's Veterans' Employment and Training Service investigated and found no such violation.  ID at 2-3.  The appellant then filed the instant VEOA appeal.  ID at 3.

¶6 After holding the requested hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action.  ID at 1. First, he found no merit to the appellant's claim that category rating is only appropriate in the context of scientific vacancies.  ID at 6-7.  Next, the administrative judge concluded that the agency applied category rating properly. ID at 7-8.  Finally, he found that the appellant's remaining arguments, such as his disagreement with how effective the CBQ was at measuring an applicant's preparedness for a vacancy, did not show a VEOA violation.  ID at 8-9.  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1. The agency has filed a response, and the appellant has replied.  PFR File, Tabs 3-4.

¶7 The Board has jurisdiction over two types of VEOA claims:  (1) the denial of a right to compete; and (2) the violation of a statute or regulation relating to veterans' preference.  *See* 5 U.S.C. § 3330a(a)(1)(A) (veterans' preference claims); 5 U.S.C. §§ 3330a(a)(1)(B), 3304(f)(1) (right-to-compete claims); *see generally Piirainen v. Department of the Army*, 122 M.S.P.R. 194, ¶ 8 (2015) (analyzing a VEOA claim to determine under which theory it belonged).  Here, the appellant has not alleged that he was denied the right to compete, nor is there

anything in the record to suggest that he was. Accordingly, the administrative judge properly considered his as a veterans' preference claim. ID at 6.

¶8    To prevail on the merits of a claim that the agency violated his veterans' preference rights, the appellant must prove by preponderant evidence that (1) he exhausted his remedy with the Department of Labor; (2) he is a preference eligible within the meaning of VEOA; (3) the action at issue took place on or after the October 30, 1998 enactment date of VEOA; and (4) the agency violated his rights under a statute or regulation relating to veterans' preference. *See Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012) (setting forth these elements in terms of the appellant's lesser jurisdictional burden); *Isabella v. Department of State*, 106 M.S.P.R. 333, ¶¶ 21-22 (2007) (recognizing that, to prevail on the merits, the appellant must prove these elements by preponderant evidence), *aff'd on recons.*, 109 M.S.P.R. 453 (2008). The administrative judge found that the appellant failed to prove the final requirement—that the agency violated his rights under a statute or regulation relating to veterans' preference. ID at 6-9. We agree.

¶9    The appellant reasserts arguments he made before the administrative judge. According to the appellant, the agency's use of a CBQ to categorize applicants is inadequate because its multiple choice questions limit an applicant's ability to explain his or her qualifications. PFR File, Tab 1 at 4-5. He further argues that the CBQ allows applicants to answer untruthfully. *Id*. at 5. However, he later acknowledges that the agency reviews applicants that are placed in the highest category, arguing that the agency should similarly review those that fall into other categories to ensure they were rated properly. *Id*. The appellant also reasserts that category ranking of applicants is only appropriate for scientific positions. *Id*. Finally, the appellant generally argues that the Government has failed him, while benefiting individuals such as the agency's representative and a testifying witness, whom he characterizes as "non-white . . . politically liberal foreigners." *Id*. at 6.

¶10     Although we have considered the appellant's arguments, we find them unavailing. While the appellant has expressed disagreement with the agency's use of the CBQ and category ranking, based on concerns about its adequacy and effectiveness, that disagreement does not establish a violation of his veterans' preference rights. *See Launer v. Department of the Air Force*, 119 M.S.P.R. 252, ¶ 7 (2013) (explaining the category rating system of 5 U.S.C. § 3319 and recognizing that it is now the primary method by which all agencies fill competitive-service vacancies).

¶11     In addition, the appellant's suggestion that category ranking is only appropriate for scientific positions is incorrect. *See Jones v. Department of Health and Human Services*, 119 M.S.P.R. 355, ¶¶ 2, 12-16 (2013) (discussing an agency's use of category ranking to fill a Public Health Advisor position), *aff'd*, 544 F. App'x 976 (Fed. Cir. 2013); *Launer*, 119 M.S.P.R. 252, ¶¶ 2, 7-10 (discussing an agency's use of category ranking to fill an Engineering Equipment Operator position). The language of the statute reflects otherwise. 5 U.S.C. § 3319(b) (requiring that "[f]or other than scientific and professional positions at GS-9 of the General Schedule (equivalent or higher), qualified preference-eligibles who have a compensable service-connected disability of 10 percent or more shall be listed in the highest quality category").

¶12     Lastly, while the appellant is frustrated by his failure to secure the employment he seeks, the Board's role under VEOA is not to determine whether a preference eligible is qualified for a particular position or whether he should have been selected for the position in question. *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 11 (2014), *aff'd*, 818 F.3d 1361 (Fed. Cir. 2016). The Board instead focuses on the narrower question of whether the agency violated the individual's veterans' preference rights. *Id*. In this case, the appellant has failed to identify evidence of any such violation.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.